THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:00-CR-122-F-1
No. 7:12-CV-196-F

| | |
|---|---|
| ANTHONY LEE THAMES, ) | |
| ) | |
| Petitioner, ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before this court on the government's motion to dismiss [DE-45] Petitioner Anthony Lee Thames' ("Thames" or "Petitioner") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE-37]. Petitioner timely responded to the government's motion. [DE-47]. The time for responding to the pending motions has expired; accordingly, the motions are ripe for review. These motions were referred to the undersigned and are considered here as a recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). For the reasons stated below, it is recommended that the government's motion to dismiss be allowed and Petitioner's § 2255 petition be denied.

## I. BACKGROUND

On November 13, 2000, Thames pled guilty pursuant to a written plea agreement to a one-count information [DE-13] charging him with conspiracy to possess with intent to distribute 1000 grams or more of heroin and cocaine, in violation of 21 U.S.C. § 841(a)(1). [DE-14, -15]. As a part of the plea agreement, Thames agreed, *inter alia*, to

waive knowingly and expressly all rights ... to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range, reserving only the right to appeal from an upward departure from the Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

[DE-15] at 1-2 ¶ 2c. On March 5, 2001, the court departed below Petitioner's guideline imprisonment range pursuant to the government's motion for downward departure under U.S.S.G. § 5K1.1 based on Petitioner's substantial assistance, sentencing Petitioner to a term of 205 months' imprisonment. [DE-20, -21]. Petitioner did not appeal his sentence. [DE-45-1] at 1.

On July 11, 2012, Petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that (1) the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), negates the application of the career offender enhancement under U.S.S.G. § 4B1.1; and (2) several of his prior convictions were improperly used to calculate his criminal history score based on *Simmons*.[1] Pet'r's Mot. [DE-37] at 4-5; Pet'r's Mem. [DE-37-1] at 2-6. The government contends that Petitioner was properly found to be a career offender notwithstanding *Simmons* and that the sentencing court properly calculated Petitioner's criminal history score. Gov't's Mem. [DE-45-1] at 3-7.

## II. LEGAL STANDARDS

### A.   Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the

---

[1] Petitioner first filed his motion on the incorrect form and was directed by the court to submit his motion on the appropriate form. [DE-35, -36]. Petitioner subsequently filed a corrected motion within the time permitted. [DE-37]. Petitioner's first motion now appears at [DE-37-1] as a memorandum in support of his motion.

2

complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

**B.  28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, 28 U.S.C. § 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was

3

imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

### III. DISCUSSION

**A.** *Simmons* **Claim[2]**

Petitioner appears to argue that under the Fourth Circuit's decision in *Simmons*, he is no longer a career offender under the provisions of U.S.S.G. § 4B1.1 because his state convictions no longer qualify as predicate convictions for application of the career offender enhancement.[3] Pet'r's

---

[2] Assistant Federal Public Defender Devon L. Donahue was appointed pursuant to Standing Order 11–SO–03 to investigate Thames' case for *Simmons*-related error. [DE-39]. The Court allowed attorney Donahue's motion to withdraw upon her notification that she did not intend to file any motions on behalf of Thames. [DE-42].

[3] The Fourth Circuit's recent decision in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014), held that challenges to the career offender enhancement are cognizable in a section 2255 motion. Additionally, the court applied the equitable-tolling doctrine to conclude Whiteside's motion was timely even though it was filed more than one year after his conviction became final. The court's holding allowed Whiteside to receive the benefit of the *Simmons* decision which revealed the enhancement was inapplicable to him. On June 10, 2014, the government filed a petition for a rehearing en banc. Here, the court addresses Petitioner's motion without reaching any *Whiteside*

Mem. at 1-2. A defendant is a career offender under § 4B1.1(a) if the following conditions are satisfied:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). For purposes of the enhancement, a "prior felony conviction" includes "a prior ... state conviction for an offense punishable by ... imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony." *Id.* § 4B1.2 cmt. n.1. In *Simmons*, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which that individual defendant could be sentenced to a term of imprisonment exceeding one year, taking into account his criminal history and the nature of the offense. *See* 649 F.3d at 247 (overruling the earlier decision of *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005)). Essentially, if the only punishment for a given felony that exceeds one year comes in the "aggravated range," there must be a showing that the defendant was subject to punishment within that range in order for the felony to constitute a prior felony conviction for career offender purposes. *Id.* Petitioner's assertion that his prior state convictions do not qualify him for the career offender enhancement is incorrect.

Here, notwithstanding Petitioner's claim for relief under *Simmons*, the three felony convictions relied upon in applying the career offender enhancement are proper predicates for application of the career offender enhancement. Presentence Report ("PSR") at 11 ¶ 56. As outlined in paragraph 21 of Thames' PSR, he received a five-year sentence for his July 20, 1987 conviction

issue because Petitioner's contentions are without merit.

for possession of PCP with intent to distribute. *Id.* at 6 ¶ 21. Second, paragraph 22 of the PSR shows that Petitioner received a sentence of five years' imprisonment for his August 2, 1987 conviction of possession of PCP with intent to distribute. *Id.* at 6 ¶ 22. Further, Petitioner received a three-year sentence for his April 10, 1992 conviction for selling and delivering cocaine. *Id.* at 7 ¶ 25. Thus, Petitioner's criminal history firmly establishes him as a career offender and *Simmons* does not apply because Petitioner was actually sentenced to terms of imprisonment exceeding one year. *See Jones v. United States*, Nos. 5:07-CR-322-FL, 5:12-CV-558-FL, 2013 WL 2446473, at *6 (E.D.N.C. June 5, 2013) (adopting memorandum and recommendation finding that petitioner's *Simmons* claim was not viable because his criminal history showed he had four convictions where he in fact received sentences in excess of one year). Notably, however, Petitioner does not dispute that any of these three convictions are proper predicate felonies for career offender purposes. *See* Pet'r's Mem. at 2 (contesting state convictions in paragraphs 23, 26 and 28 of the PSR which were not used as predicates for the career offender enhancement). Therefore, even after the Fourth Circuit's decision in *Simmons*, the sentencing court's application of the career offender enhancement to Petitioner was proper and Petitioner's claim should be dismissed.

**B.     Criminal History Claim**

Petitioner's second challenge alleges that the court improperly calculated his criminal history score in light of *Simmons*. Pet'r's Mem. at 2-3. Petitioner claims that his convictions for possession of cocaine, PSR at 7 ¶ 26 (two points), possession of drug paraphernalia,[4] PSR at 7 ¶ 28 (one point), and resisting and obstructing a public officer, PSR at 6 ¶ 23 (one point), were improperly assigned

---

[4] Petitioner twice alleges that this possession of drug paraphernalia offense was improperly scored. *See* Pet'r's Mem. at 2. The probation office counted this conviction once and Petitioner was only assigned one criminal history point. PSR at 7 ¶ 28.

6

a point value under U.S.S.G. § 4A1.1 because he spent less than one year in jail on each offense. *Id.* Petitioner's criminal history points totaled 16, putting him at a criminal history category of VI. PSR at 8 ¶¶ 29-31.

Petitioner's argument is based on an incorrect understanding of the Fourth Circuit's decision in *Simmons* and the rule in *Simmons* has no bearing on Petitioner's case. *Simmons* does not prohibit sentencing courts from considering prior convictions for which the sentence of imprisonment did not exceed one year in the calculation of criminal history scores as Petitioner contends. 649 F.3d at 243-44. Petitioner's criminal history points were assigned based on the length of the prior sentence of imprisonment actually imposed on Petitioner and were not assigned based on the sentence of imprisonment that could have been imposed.[5] Thus, *Simmons* has no effect on the calculation of Petitioner's criminal history. *See Smith v. United States*, Nos. 7:07-CR-101-BR-1, 7:11-CV-229-BR, 2013 WL 1962311, at *3-4 (E.D.N.C. May 10, 2013); *White v. United States*, Nos. 4:06-CR-68-FL-1, 4:11-CV-83-FL, 2013 WL 97414, at *3 (E.D.N.C. Jan. 8, 2013) ("Because the rule of *Simmons* has no bearing upon the calculation of petitioner's criminal history category under the Sentencing Guidelines, it is inapplicable.").

Further, even if the contested state convictions were not scored, Petitioner would still be categorized as a criminal history category VI because of the proper application of the career offender enhancement as previously discussed. *See* U.S.S.G. § 4B1.1(b). Therefore, Petitioner's second assignment of error is without merit and should be dismissed.

---

[5] The Guidelines already dictate that the computation of an offender's criminal history score is based upon the sentence the defendant actually received for a prior offense, not the sentence a hypothetical offender might have received, as was the case in *Simmons*. *See* U.S.S.G. § 4A1.1.

7

## IV. CONCLUSION

Based on the foregoing, it is RECOMMENDED that the government's motion to dismiss [DE-45] be ALLOWED and Petitioner's § 2255 petition [DE-37] be DENIED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO SUBMITTED, this the 18th day of June 2014.

Robert B. Jones, Jr.
United States Magistrate Judge