IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:00-CR-00122-F-1
No. 7:12-CV-00196-F

| | |
|---|---|
| ANTHONY LEE THAMES,<br>          Petitioner | )<br>)<br>) |
| v. | )      ORDER<br>) |
| UNITED STATES OF AMERICA,<br>          Respondent. | )<br>)<br>) |

This matter is before the court on Objections [DE-49] to the Memorandum and Recommendation [DE-48] of United States Magistrate Judge Robert B. Jones, Jr., regarding the Government's Motion to Dismiss [DE-45] Anthony Lee Thames' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-35, DE-37].[1] For the reasons set forth below, the court ADOPTS the recommendation of the Magistrate Judge to ALLOW the Government's Motion to Dismiss.

**Factual and Procedural Background**

On October 25, 2000, Thames was charged in a single-count information. *See* Information [DE-13]. Thames was charged with conspiracy to possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 846.

Thames' arraignment was held on November 13, 2000. At his arraignment, Thames pled guilty to the criminal information pursuant to a written plea agreement [DE-15].

On March 5, 2001, Thames was sentenced to 205 months' imprisonment. *See* Judgment

---

[1] Thames' initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-35], which was filed on July 11, 2012. At the court's direction, Thames filed a "conforming" motion [DE-37] on July 26, 2012.

[DE-21]. Thames did not appeal his conviction or sentence.

Thames filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-35] on July 11, 2012. In his § 2255 motion, Thames argues that in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), he is entitled to relief because (1) he is not a career offender; and (2) several of his prior convictions were improperly used to calculate his criminal history.

On June 18, 2014, the Magistrate Judge issued a Memorandum and Recommendation ("M&R") [DE-48] addressing Thames' § 2255 motion. The Magistrate Judge concluded that the three felony convictions relied upon in applying the career offender enhancement were proper predicates for application of the career offender enhancement and *Simmons* is not applicable. [DE-48 at 4-6.] As to the second issue, the Magistrate Judge concluded that the Fourth Circuit's holding in *Simmons* has no bearing on Thames' case because *Simmons* does not prohibit sentencing courts from considering prior convictions for which the sentence of imprisonment did not exceed one year in the calculation of criminal history. *Id.* at 6-7. The Magistrate Judge recommended that Thames' § 2255 motion [DE-35, DE-37] be denied and the Government's Motion to Dismiss [DE-45] be allowed. *Id.* at 8.

Thames filed Objections [DE-49] to the M&R on July 7, 2014. In his Objections, Thames has renewed the arguments he originally made in his § 2255 motion.

**Discussion**

**I. Thames Has Failed to State a Claim for Relief Under *Simmons***

**A. Thames Remains a Career Offender**

In *Simmons*, the Fourth Circuit Court of Appeals held en banc that a court must look to

2

the maximum punishment that the particular offender could have received in determining whether a prior North Carolina conviction may serve as a predicate felony for federal sentencing purposes. *Simmons*, 649 F.3d at 243-46. In reaching its holding in *Simmons*, the Fourth Circuit expressly overruled *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worse possible criminal history." *Id.* at 241 (quoting *Harp*, 406 F.3d at 246) (emphasis omitted).

A review of the record reveals that Thames was sentenced as a career offender based on convictions set forth in paragraphs 21, 22, and 25 of his Presentence Report.[2] PSR ¶ 56. Paragraph 21 references Thames' 1987 conviction for possession with intent to distribute PCP, for which Thames was sentenced to two years of imprisonment. PSR ¶ 21. Paragraph 22 references Thames' 1987 conviction for possession with intent to distribute PCP, for which Thames was sentenced to two years of imprisonment. PSR ¶ 22. Finally, paragraph 25 references Thames' 1992 conviction for sell/deliver cocaine, for which he was sentenced to 3 years of imprisonment.

The court agrees with the Magistrate Judge that the three convictions relied upon to

---

[2] A defendant is a career offender under § 4B1.1 when the following conditions are satisfied:
> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

3

sentence Thames as a career offender were not invalidated under *Simmons*. For this reason, Thames has failed to show that he is no longer a career offender. Accordingly, Thames' first argument lacks merit.

### B. Thames' Criminal History Was Properly Calculated

In his Objections, Thames disputes the calculation of his criminal history score in paragraphs 23, 24, 26, and 28 of his Presentence Report. In paragraph 23, Thames was given one criminal history point for resist/obstruct public officer. PSR ¶ 23. Thames was given one criminal history point for possession of marijuana in paragraph 24. PSR ¶ 24. In paragraph 26, Thames was given two criminal history points for possession of cocaine. PSR ¶ 26. Thames was given one criminal history point for possession of drug paraphernalia in paragraph 28. PSR ¶ 28.

The court agrees with the Magistrate Judge that *Simmons* has no impact on the calculation of Thames' criminal history points for those prior convictions where the term of imprisonment did not exceed one year. Accordingly, Thames' second argument lacks merit.

### Conclusion

For the foregoing reasons, the court ADOPTS the recommendation of the Magistrate Judge as its own, and for the reasons stated therein, the Government's Motion to Dismiss [DE-45] is ALLOWED and Thames' § 2255 motion [DE-35, DE-37] is DISMISSED. The court concludes that Thames has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 31st day of July, 2014.

James C. Fox
James C. Fox
Senior United States District Judge

4